# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ORTIZ,<br><br>　　　　Plaintiff,<br><br>　v.<br><br>BOUDREAX, *et al.*,<br><br>　　　　Defendants. | Case No. 1:19-cv-01782-BAM (PC)<br><br>ORDER DENYING MOTION TO APPOINT COUNSEL<br><br>(ECF No. 3) |

Plaintiff Adrian Ortiz ("Plaintiff") is a county jail inmate proceeding *pro se* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on December 23, 2019, together with a motion to appoint counsel. (ECF Nos. 1, 3.)

In his motion, Plaintiff states that he is requesting appointment of counsel because he is proceeding to a jury trial within 60 days that will last several weeks, and he has no resources or experience in litigation. Further, Plaintiff states that his vision is deteriorating and becoming a severe handicap, his facility has a high volume of *pro per* inmates and limited resources. Plaintiff states that inmates who are not *pro per* in their criminal matters are not allowed access to the facility's law library. (Id.)

Plaintiff does not have a constitutional right to appointed counsel in this action, Rand v. Rowland, 113 F.3d 1520, 1525 (9th Cir. 1997), rev'd in part on other grounds, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

1

U.S.C. § 1915(e)(1). Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296, 298 (1989). However, in certain exceptional circumstances the court may request the voluntary assistance of counsel pursuant to section 1915(e)(1). Rand, 113 F.3d at 1525.

Without a reasonable method of securing and compensating counsel, the Court will seek volunteer counsel only in the most serious and exceptional cases. In determining whether "exceptional circumstances exist, a district court must evaluate both the likelihood of success on the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the complexity of the legal issues involved." Id. (internal quotation marks and citations omitted).

The Court has considered Plaintiff's request, but does not find the required exceptional circumstances. Even if it is assumed that Plaintiff is not well versed in the law and that he has made serious allegations which, if proved, would entitle him to relief, his case is not exceptional. This Court is faced with similar cases filed by prisoners with limited education, limited resources, and ongoing health conditions who are proceeding *pro se* almost daily. These prisoners also must conduct legal research and prosecute claims without the assistance of counsel.

Furthermore, at this stage in the proceedings, the Court cannot make a determination that Plaintiff is likely to succeed on the merits, and based on a review of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his claims. In addition, no trial date has been set in this matter, and the complaint is pending screening.

Accordingly, Plaintiff's motion to appoint counsel, (ECF No. 3), is HEREBY DENIED, without prejudice.

IT IS SO ORDERED.

Dated: **December 27, 2019**     /s/ *Barbara A. McAuliffe*
UNITED STATES MAGISTRATE JUDGE

2