UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ADRIAN ORTIZ,<br><br>                Plaintiff,<br><br>    v.<br><br>BOUDREAUX et al.,<br><br>               Defendants. | Case No. 1:19-cv-01782-HBK (PC)<br><br>FINDINGS AND RECOMMENDATIONS TO DISMISS SECOND AMENDED COMPLAINT [1]<br><br>(Doc. No. 21)<br><br>FOURTEEN DAY DEADLINE |

Plaintiff Adrian Ortiz is a state prisoner proceeding pro se in this civil rights action filed under 42 U.S.C. § 1983. Plaintiff is proceeding on his Second Amended Complaint. (Doc. No. 21, "SAC"). As more fully set forth below, the undersigned recommends the district court dismiss the SAC for failure to state a claim, without leave to amend, in light of Plaintiff's two prior opportunities to amend his complaint.

**BACKGROUND AND SUMMARY OF OPERATIVE PLEADING**

Plaintiff filed the initial complaint in this matter and a Motion to Proceed *in forma pauperis*. (Doc. Nos. 1, 2). The complaint alleged violations of Plaintiff's HIPAA rights and deliberate medical indifference in violation of the Eighth Amendment. (*See generally* Doc. No.

---

[1] This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302 (E.D. Cal. 2022).

1). The prior magistrate judge granted the Motion to Proceed *in forma pauperis* (Doc. No. 6) and screened the complaint, finding it failed to state any claim. (*See generally* Doc. No. 11). Plaintiff filed a First Amended Complaint alleging a single claim of deliberate medical indifference based on inadequate medical care provided to treat his swollen and inflamed right eye. (Doc. No. 12). The undersigned screened the FAC, and found it failed to state any claim. (Doc. No. 18). In the second screening order, the undersigned afforded Plaintiff "one final opportunity to amend his complaint." (*Id*. at 7-8).

Plaintiff is currently incarcerated at San Quentin State Prison. (Doc. No. 21 at 1). At the time of the events described in his SAC, in May 2019, Plaintiff was a pretrial detainee at Tulare County Main Jail ("County Jail"). (*Id*. at 3). While incarcerated at the County Jail, Plaintiff developed an irritation in his right eye, which became swollen to the point he sought medical attention. (*Id*.). He spoke with a nurse from Wellpath who was passing pills to inmates, and told her that his eye was swollen and "blood shot red." (*Id*.). The nurse advised Plaintiff that only a doctor could prescribe him medication and that no doctor was available, but she returned later that day to take photos of his eye. (*Id*.). A few days later "Wellpath Medical Services" provided him with "Neomyone," but still did not arrange for Plaintiff to see a doctor. (*Id*. at 4). When Plaintiff took the medication it made his eye worse "to the point where [he] had to be taken to the emergency room." (*Id*.). To the extent discernible, an ophthalmologist later determined Plaintiff was allergic to the medication he was provided but Plaintiff, Wellpath and its staff were unaware of the allergy. (*Id*.). Plaintiff now suffers from "chronic redness inflammation" and has to be seen by an ophthalmologist for the rest of his life. (*Id*.). He also says that he suffered from emotional distress. (*Id*. at 5). Plaintiff claims that Wellpath should have determined that he was allergic to the medication or at least had him seen by a doctor, per their policy. (*Id*. at 4). He also states that Wellpath "deliberately waited till [sic] matters got worse." (*Id*. at 5).

As relief, Plaintiff seeks compensation of "$100,00."[2] (*Id*. at 5).

////

---

[2] The Court cannot determine if the amount intended was $100, $100,000 or some other amount.

## SCREENING REQUIREMENTS

Under 28 U.S.C. § 1915A, courts are required to screen a prisoner's complaint that seeks relief against a governmental entity, its officers, or its employees. *See* 28 U.S.C. § 1915A(a). The Court must identify any cognizable claims and dismiss any portion of the complaint that is frivolous or malicious, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1), (2); *see also* 28 U.S.C. § 1915(e)(2)(b)(ii) (governing actions proceeding *in forma pauperis*).

A claim fails to state a claim upon which relief may be granted if it appears that the plaintiff can prove no set of facts in support of the claim that would entitle him to relief. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984); *Palmer v. Roosevelt Lake Log Owners Ass'n, Inc.*, 651 F.2d 1289, 1294 (9th Cir. 1981). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. *See Jackson v. Arizona*, 885 F.2d 639, 640 (9th Cir. 1989); *Franklin*, 745 F.2d at 1227.

During screening, courts must accept as true the allegations of the complaint, *Hosp. Bldg. Co. v. Rex Hosp. Tr.*, 425 U.S. 738, 740 (1976), construe the pleadings in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969); *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (the court must construe *pro se* pleadings liberally and afford the *pro se* litigant the benefit of any doubt). Courts are not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact. *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

Plaintiff's claims must be facially plausible to survive screening, which requires sufficient factual detail to allow the court to reasonably infer that each named defendant is liable for the misconduct alleged. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotation marks omitted); *Moss*

*v. U.S. Secret Service*, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  *Iqbal*, 556 U.S. at 678 (quotation marks omitted); *Moss*, 572 F.3d at 969.

A complaint must contain "a short and plain statement of the claim showing the pleader is entitled to relief . . . ."  Fed. R. Civ. P. 8(a)(2).  Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  *Iqbal*, 556 U.S. at 678 (citations omitted).  Courts "are not required to indulge unwarranted inferences," *Doe I v. Wal-Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).  While factual allegations are accepted as true, legal conclusions are not.  *Iqbal*, 556 U.S. at 678.

If the Court determines that a pleading could be cured by the allegation of other facts, a pro se litigant is entitled to an opportunity to amend a complaint before dismissal of the action.  *See Lopez v. Smith*, 203 F.3d 1122, 1127-29 (9th Cir. 2000) (en banc); *Lucas v. Department of Corr.*, 66 F.3d 245, 248 (9th Cir. 1995).  A district court should not, however, advise the litigant on how to cure the defects.  Such advice "would undermine district judges' role as impartial decisionmakers."  *Pliler v. Ford*, 542 U.S. 225, 231 (2004); *see also Lopez*, 203 F.3d at 1131 n.13.

## APPLICABLE LAW AND ANALYSIS

### A.  Causal Connection

To state a claim under § 1983, a plaintiff must show that a defendant acting under color of state law caused an alleged deprivation of a right secured by federal law.  *See* 42 U.S.C. § 1983; *Soo Park v. Thompson*, 851 F.3d 910, 921 (9th Cir. 2017).  The plaintiff can satisfy the causation requirement by showing either (1) the defendant's "personal involvement" in the alleged deprivation or (2) a "sufficient causal connection" between the defendant's conduct as a supervisor and the alleged deprivation.  *See King v. Cty. of Los Angeles*, 885 F.3d 548, 559 (9th Cir. 2018).  City or county governments, including departments within them such as the Sheriff's Department, cannot be held liable under section 1983 for the acts of an employee.  *Monell v. Dep't of Soc. Servs. of City of New York*, 436 U.S. 658, 691 (1978).  To state a section 1983 claim

against the City or County as a whole, plaintiff would have to allege that a department policy or custom caused his injuries. *Hyun Ju Park v. City & Cty. of Honolulu*, 952 F.3d 1136, 1141 (9th Cir. 2020).

Plaintiff's SAC names as Defendants "Wellpath Medical Provider, Staff, Under Tulare County Sheriff Mail Jail Detention Facility." (Doc. No. 21 at 1). The facts of the SAC refer primarily to the actions of an unnamed "Wellpath RN" and to "Wellpath Medical Services" generally. (*See* Doc. No. 21 at 3-4). Although Wellpath and its employees are not governmental actors, private contractors hired to provide prison medical care may be acting under color of state law for purposes of section 1983. *West v. Atkins*, 487 U.S. 42, 56 (1988). Liability under section 1983 applies to both individual contract employees and private entities "under contract" with a state "to provide medical services." *Lopez v. Department of Health Services*, 939 F.2d 881, 883 (9th Cir. 1991) (per curiam); *see also Long v. Corizon Health, Inc.*, No. 17-00898, 2018 WL 5962499, at *4 (E.D. Cal. Nov. 14, 2018) (finding that private doctors and hospitals contracting "with a public prison system to provide treatment to inmates" perform a public function and thus act under color of state law), *report and recommendation adopted*, 2018 WL 6528421 (E.D. Cal. Dec. 12, 2018). Liberally construed, Wellpath and its employees, including the unnamed RN, were under contract with the County to provide medical services to Tulare County inmates. They were therefore performing a public function and acting under color of state law when treating Plaintiff.

Although Plaintiff does not identify the Wellpath RN by name, unless it is "clear that discovery would not uncover the identities [of Doe defendants], or that the complaint would be dismissed on other grounds," Plaintiff may proceed with a suit against Doe defendants. *Gillespie v. Civiletti*, 629 F.2d 637, 642 (9th Cir. 1980). Because the Court cannot be certain that discovery would not uncover the identity of the Wellpath RN, Plaintiff will be permitted to proceed at this stage without identifying her.

**B. Pretrial Detainees' Deliberate Indifference to Medical Condition Standard**

Plaintiff was detained at the county jail when the incident giving rise to his FAC occurred and was a pretrial detainee. Therefore, his rights arise under the Fourteenth

1   Amendment instead of the Eighth Amendment, but the standard of review is largely the same.
2   *Castro v. County of Los Angeles*, 833 F.3d 1060, 1067-68 (9th Cir. 2016) (en banc); *see also*
3   *Mendiola–Martinez v. Arpaio*, 836 F.3d 1239, 1246 n. 5 (9th Cir. 2016) ("Eighth Amendment
4   protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are
5   entitled to the potentially more expansive protections of the Due Process Clause of the
6   Fourteenth Amendment.").

7       The Ninth Circuit has held that the objective, not subjective, deliberate indifference
8   standard applies when evaluating a pretrial detainee's medical care claim. *See Gordon v. County*
9   *of Orange*, 888 F.3d 1118, 1124-25 (9th Cir. 2018) (holding claims for violations of the right to
10  adequate medical care for pretrial detainees are evaluated under the objective standard set forth in
11  *Castro*).   The elements of a detainee's medical care claim under the Fourteenth Amendment are:
12  (1) the defendant made an intentional decision with respect to the conditions under which the
13  plaintiff was confined; (2) those conditions put the plaintiff at substantial risk of suffering
14  serious harm; (3) the defendant did not take reasonable available measures to abate that risk,
15  even though a reasonable official in the circumstances would have appreciated the high degree
16  of risk involved—making the consequences of the defendant's conduct obvious; and (4) by not
17  taking such measures, the defendant caused plaintiff's injuries. *Id*. at 1124-1125.

18      The "mere lack of due care" by a defendant does not deprive an individual of his rights
19  under the Fourteenth Amendment. *Castro*, 833 F.3d at 1071 (citations omitted).  "Thus, the
20  plaintiff must 'prove more than negligence but less than subjective intent—something akin to
21  reckless disregard.'" *Gordon*, 888 F.3d at 1125 (citations omitted).  Hence gross negligence, a
22  difference in medical opinion, malpractice, and misdiagnosis does not establish a constitutional
23  violation. *Wood v. Housewright*, 900 F.2d 1332, 1334 (9th Cir. 1990); *Thompson v. Worch*, 6 F.
24  App'x 614, 616 (9th Cir. 2001); *Anchez v. Vild*, 891 F.2d 240, 242 (9th Cir. 1989); and *DiMarzio*
25  *v. Jacobs*, 162 F. App'x 774, *1 (9th Cir. 1989).

26      Here, Plaintiff's SAC fails to allege conduct by Wellpath or the nurse that states a
27  cognizable deliberate medical indifference claim.  Plaintiff acknowledges that the nurse
28  responded to his request for medical attention, examined his eye and then took photographs later

that day to document his condition. (Doc. No. 21 at 3). A few days later, Plaintiff was provided with medication that he believes caused an allergic reaction. (*Id*. at 4).

The SAC does not allege that Defendants failed to provide any care for his condition or ignored his serious medical needs. Plaintiff acknowledges that an employee of Wellpath did provide medicine for his eye, but he believes the medicine was not the correct one and that it harmed him. Plaintiff also contends it was inappropriate for him to be seen by a nurse and not a doctor, which resulted in him being prescribed medication he believes caused serious side effects. However, "there is no Eighth Amendment violation when jail officials give the wrong medication to an inmate unless they were aware the inmate would react negatively to the medication." *Scott v. Bick*, 2008 WL 449798, *3 (E.D. Cal. Feb. 15, 2008); *Murillo v. Thornton*, 2008 WL 110899, *4 (S.D. Cal. Jan. 9, 2008); *see also Callaway v. Smith County,* 991 F. Supp. 801, 809 (E.D. Tex.1998) (no Eighth Amendment violation when inmate mistakenly given wrong dosage of medication).

Plaintiff states that Wellpath and the nurse *should have* known that he was allergic to the medication he was given, but there is no indication they knew that he was allergic. "If a [prison official] should have been aware of the risk, but was not, then the [official] has not violated the Eighth Amendment, no matter how severe the risk." *Toguchi v. Soon Hwang Chung*, 391 F.3d 1051, 1057 (9th Cir. 2004). At most, Plaintiff's claim that he required different treatment amounts to a difference in medical opinion between Plaintiff and Defendants, which does not give rise to a Fourteenth Amendment claim. *Id*. And while these facts might state a cognizable claim of medical malpractice, they do not allege a Fourteenth Amendment violation.

**FINDINGS AND RECOMMENDATIONS**

Based on the above, the undersigned finds Plaintiff's SAC does not allege an Eighth Amendment deliberate indifference to a serious medical condition claim. Despite being provided with the relevant pleading and legal standards, Plaintiff was unable to cure the deficiencies by prior amendments and further leave to amend is not warranted. *Lopez*, 203 F.3d at 1130.

Accordingly, it is **ORDERED:**

This case be assigned to a district judge.

It is further **RECOMMENDED**:

Plaintiff's Second Amended Complaint be dismissed and the case be closed.

### NOTICE TO PARTIES

These findings and recommendations will be submitted to the United States district judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(1). Within fourteen (14) days after being served with these findings and recommendations, a party may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Parties are advised that failure to file objections within the specified time may result in the waiver of rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 838-39 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

Dated:     March 21, 2023

HELENA M. BARCH-KUCHTA
UNITED STATES MAGISTRATE JUDGE